IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

NATHAN LEE ROBERTS,          )
                                   )
          Plaintiff,          )    TC-MD 120605C
                                   )
     v.                     )
                                   )
DEPARTMENT OF REVENUE,     )
State of Oregon,              )
                                   )
          Defendant.      )    **DECISION**

Plaintiff appeals Defendant's Notice of Refund Denial, dated May 14, 2012, disputing

Defendant's determination of Plaintiff's nonresident Oregon taxable income for tax year 2011.

This matter is before the court on cross-motions for summary judgment. Telephone oral

argument was held on September 18, 2012.

## I. STATEMENT OF FACTS

The parties agree that Plaintiff is a nonresident of the state of Oregon who works in both

Oregon and Washington for an "Oregon based company, Pacific [P]ower." (*See* Compl at 2.)

The parties agree that Plaintiff's total compensation for tax year 2011 was $137,652.54. The

parties dispute the amount of Plaintiff's compensation that should be sourced to Oregon. (Compl

at 2-4; Answer at 1.)

Plaintiff alleges that in determining the amount of Oregon source income for tax year

2011, income attributed to the following eight categories should not be Oregon source income:

    1. High time hazard pay (work performed more than 80 feet off the
ground in Washington state)

    2. In lieu overtime meal pay (working through a meal time)

    3. Standby pay (stay at home, wait for a call out)

    4. Holiday pay (nine paid holidays)

5. Sick leave pay (personal and family)

6. Floating holiday pay (three days)

7. Vacation pay

8. Bereavement pay

(Ptf's Ex 3; Compl at 6-7.)  Plaintiff alleges that because the work took place in Washington state or he was in Washington state when he received the income (e.g., holiday, vacation, sick and bereavement pay), none of the income is Oregon source income.  (Compl at 2-3.)  Plaintiff alleges that the total income of the eight categories plus hourly pay at base rate is $23,566.  (*Id*. at 6-7.)  He concluded that $114,087 of his total compensation ($137,652.54) is Oregon source income.  (*Id*. at 22-23.)

Defendant cites Oregon Administrative Rule 150-316.127-(A)(3)(a)(B) and alleges that Plaintiff's Oregon source income should be calculated based on the "total number of actual working days employed within the state divided by the total number of working days both within and without the state."  Quiring stated that Plaintiff did not provide the total number of working days but Plaintiff did provide the total number of hours worked and hours worked in Washington state.  (*See* Def's Ex A at 3.)  Quiring concluded that Plaintiff worked 189.5 hours in Washington state and 2,324.95 hours total.  (*Id*.)  He concluded that 91.85 percent, or $126,485, of Plaintiff's compensation should be Oregon source income.  (*Id*.)  Plaintiff disputed Quiring's conclusion, alleging that to allocate his income based on hours worked in Washington state understates the dollar amount of income earned in Washington state because some of the income earned was based on "double or triple" his base hourly rate.  (*See* Compl at 2-3.)

## II.  ANALYSIS

Oregon imposes a tax on nonresidents attributable to sources of income derived within this state.  ORS 316.037(3) (providing that "[a] tax is imposed for each taxable year on the

taxable income of every full-year nonresident that is derived from sources within this state[]")
and ORS 316.127 (defining the adjusted gross income of nonresidents derived from sources
within this state).[1] ORS 316.130 provides in relevant part: "[t]he taxable income for a full-year
nonresident individual is adjusted gross income attributable to sources within this state
determined under ORS 316.127[.]" ORS 316.127 provides a more detailed definition of a
nonresident's adjusted gross income derived from sources within a state. That statute provides
that a nonresident's adjusted gross income "from sources within this state" includes "[t]he net
amount of items of income, gain, loss and deduction entering into the nonresident's federal
adjusted gross income that are derived from or connected with sources in this state * * *."
ORS 316.127(1)(a).

The applicable Oregon Administrative Rule (OAR) provides in relevant part: "the gross
income of a nonresident * * * includes compensation for personal services only to the extent that
the services were performed in this state." OAR 150-316.127-(A)(1)(a).[2] OAR 150-316.127-
(A)(3)(a) states, in part, that "[w]here compensation is received for personal services that are
performed partly within and partly without this state, that part of the income allocable to this
state is included in gross income." To determine the portion of compensation for personal
services allocable to Oregon, OAR 150-316.127-(A)(3)(a)(B) states that "[i]f nonresident
employees work within and without this state, the portion of total compensation for personal
services allocable to Oregon is the total number of actual working days employed within the
state divided by the total number of working days both within and without the state."

---

[1] References to the Oregon Revised Statutes (ORS) are to 2009.

[2] All references to the Oregon Administrative Rules (OAR) are to those in effect in 2011.

There is no dispute that Plaintiff worked in Oregon and Washington. Plaintiff submitted a detailed listing of dates worked in Washington state and the amount of attributable income, for a total of $8,158. (Compl at 6-7.) That amount included high time hazard pay and in lieu overtime meal pay. In addition, Plaintiff received standby pay in the amount of $1,708.56, for staying in his Vancouver, Washington, home waiting for his employer to call him to work. (*Id.* at 7.) The sum of those two amounts is $9,866.56 and none of that income was Oregon source income.

Plaintiff alleges that income in the amount of $13,702.80 paid to him for sick leave, bereavement leave, holiday, and vacation should be allocated to Washington state because he was in Washington state when he received that pay. (*See* Compl at 7.) There is no statutory provision that income is sourced based on where the recipient is located. In Oregon, personal service income is compensation for service performed in this state. *See* OAR 150-316.127-(A)(1)(c) (stating that "[c]ompensation for personal services performed by a nonresident wholly within this state is included in gross income although payment is received at a point *outside this state* or from a nonresident individual, partnership, or corporation" (emphasis added)).

Plaintiff acknowledged during oral argument that sick pay, bereavement pay, holiday pay and vacation pay are paid by his employer to him based on his number of years of employment. That is a common practice among employers. Plaintiff earned that type of compensation for personal services performed by him when he was working in Oregon, Washington or any other location. Plaintiff was paid in 2011. It is reasonable to allocate that compensation based on days Plaintiff worked in each state during the year in which he was paid. Plaintiff did not provide days worked in each state, but he did provide hours worked in each state. (Compl at 6-7.) Based on Plaintiff's information, Quiring determined that Plaintiff worked 2,135.45 hours in Oregon

and 189.5 hours in Washington for a total hours of 2,324.95 hours worked. (Def's Ex A at 3.) The hours worked in Washington are 8.15 percent; 8.15 percent times the total income received in the amount of $13,702.80 for sick leave, bereavement leave, holiday, and vacation results in $1,116.78 sourced to Washington state. (*Id.*) That amount added to the previously determined Washington source income ($9,866.56) is a total of $10,983.34 determined to be Washington source income. The balance of Plaintiff's compensation, $126,669.20, is Oregon source income.

## III. CONCLUSION

After careful review of the applicable law and evidence, the court concludes that Plaintiff must allocate sick pay, bereavement pay, holiday pay and vacation pay based on the percentage of days or hours worked in Oregon and Washington during tax year 2011 and not based on Plaintiff's location at the time he received that pay. Now, therefore,

IT IS THE DECISION OF THIS COURT that for tax year 2011 Plaintiff's Oregon source income was $126,669.20.

Dated this ___ day of December 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on December 11, 2012. The court filed and entered this Decision on December 11, 2012.*